IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE DALE WHITWORTH | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1603-D |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Wayne Dale Whitworth, appearing *pro se*, has filed a pleading entitled "Motion to Vacate Void Judgment With Federal Questions for Court." For the reasons stated herein, the pleading should be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254 and dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

Petitioner pled guilty to murder and was sentenced to 30 years confinement. No appeal was taken. Instead, petitioner challenged his conviction on collateral review in state and federal court. Both writs were denied. *Ex parte Whitworth*, No. 41,762-01 (Tex. Crim. App. Jun. 9, 1999); *Whitworth v. Cockrell*, 2001 WL 1631506 (N.D. Tex. Dec. 17, 2001). Leave to file a second or successive federal writ was denied by the Fifth Circuit. *In re Whitworth*, No. 03-10641 (5th Cir. Sept. 4, 2003). In an apparent attempt to circumvent that ruling, petitioner filed two more writs in federal district court. The first writ was dismissed as successive. *Whitworth v. Dretke*, No. 3-05-

CV-0180-B (N.D. Tex. Apr. 22, 2005). The second case was deemed duplicative and administratively closed. *Whitworth v. Dretke*, No. 3-05-CV-0566-M (N.D. Tex. Apr. 15, 2005).

Petitioner now seeks to vacate the state court judgment. In four related grounds, petitioner contends that a pretrial psychiatric examination was never performed as ordered by the trial court which would have shown he was incompetent to stand trial.

II.

Although petitioner purports to bring this action as a motion to vacate a void judgment, he clearly challenges his state conviction on federal constitutional grounds. Such claims must be raised in an application for writ of habeas corpus under 28 U.S.C. § 2254. *See Branch v. Dretke*, 2004 WL 1877798 at *1 (N.D. Tex. Aug. 20, 2004), *rec. adopted*, 2004 WL 1960192 (N.D. Tex. Sept. 2, 2004) (section 2254 provides exclusive remedy to challenge validity of state criminal conviction); *Sumpter v. Johnson*, 2001 WL 406229 at *1 (N.D. Tex. Apr. 18, 2001) (same).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

**RECOMMENDATION**

Petitioner's motion to vacate a void judgment should be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254 and dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE